IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALEXANDER W. KAWLESKI,

                              Petitioner,

         v.                                                          OPINION and ORDER

UNITED STATES OF AMERICA,                                           25-cv-955-jdp

                              Respondent.

---

A jury convicted Alexander W. Kawleski of producing and possessing child pornography, in violation of 18 U.S.C. § 2251(a) and § 2252(a)(4). The Court of Appeals for the Seventh Circuit affirmed the conviction. *United States v. Kawleski*, 108 F.4th 592 (7th Cir. 2024). Now Kawleski seeks relief under 28 U.S.C. § 2255, contending that this court lacked jurisdiction over the case and that his trial and appellate counsel were ineffective in numerous ways.[1]

The case is before the court for screening under Rule 4 of the Rules Governing Section 2255 Cases, which requires the court to deny a motion if "it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." I conclude that Kawleski's motion does not support any of his grounds for relief, but I will give him an opportunity to file an amended motion.

---

[1] I previously directed Kawleski to show cause why his motion should not be denied as untimely. Dkt. 4. Kawleski submitted evidence showing that his conviction became final on November 25, 2024, Dkt. 5, so I conclude that he complied with the one-year statute of limitations when he filed this case on November 19, 2025.

BACKGROUND

Kawleski was arrested in 2019 after his then-girlfriend Tracy Brown turned over to the police a flash drive containing a video showing Kawleski sexually assaulting a minor female (Minor A) and other videos showing the same minor and another minor female (Minor B) while they were nude in the bathroom. Minor A was the adolescent daughter of a previous girlfriend. Minor B was one of Minor A's friends.

Kawleski was charged with 16 counts in this court. Count 1 was for production of child pornography related to the video of Kawleski sexually assaulting Minor A. Counts 2 through 15 were for attempted production of child pornography related to the videos of Minor A and Minor B in the bathroom. Count 16 was for possession of the child pornography that is the subject of Count 1. The jury convicted Kawleski on all counts.

Kawleski moved for judgment of acquittal on the production and attempted production charges and for a new trial. I granted Kawleski's motion for judgment of acquittal on the attempted production charges (Counts 2 through 15) because the government did not prove one of the elements of the crime, namely, that Kawleski used materials that traveled in interstate or foreign commerce as part of his attempt to produce child pornography. Case no. 19-cr-25-jdp, Dkt. 74. I denied the motion for acquittal on the production charge because it was based on the incorrect assumption that the government was required to prove that Kawleski had the specific intent to make copies of the video at the time he filmed it. *Id.*

As for Kawleski's motion for a new trial, that was based on what he said was newly discovered evidence suggesting that it was Brown, not Kawleski, who copied the videos of Minor A and Minor B onto the flash drive. I denied that motion because the new evidence

2

Kawleski discovered—statements by one of Brown's ex-boyfriends—was inadmissible and did not satisfy the standard for granting a new trial. *Id.*, Dkt. 93.

I sentenced Kawleski to 18 years of imprisonment, which was below the recommended sentence of life imprisonment in the sentencing guidelines. *Id.*, Dkt. 109 and Dkt. 110.

On appeal, Kawleski repeated his argument that he was entitled to a new trial based on new evidence. The court of appeals affirmed.

ANALYSIS

**A.  Preliminary motions**

Kawleski's § 2255 motion is accompanied by two other motions, one for an extension of time to file a "memorandum of law," Dkt. 2, and one to compel the Bureau of Prisons to print out certain documents from his case file, Dkt. 3. I will deny both motions.

I will deny as unnecessary the motion for an extension of time. The federal rules do not require prisoners to support their § 2255 motion with briefs or citations to case law. *See* Rule 2 of the Rules Governing 2255 Proceedings. In fact, this court's forms for § 2255 motions include the following direction: "Do not argue or cite law. Just state the specific facts that support your claim."[2] So Kawleski does not need more time to submit a brief.

As for Kawleski's motion to compel, Kawleski alleges that the bureau is refusing to print out portions of his "attorney case file." But he admits that he can *view* anything in the case file. He does not explain either why the cited documents are necessary to prepare his motion or why he needs printed copies of those documents. He also does not specify what his request was

---

[2] "Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody," *available at* https://www.wiwd.uscourts.gov/forms.

or why it was refused. For example, is the dispute about whether the bureau will print copies for Kawleski or simply whether they will print copies at no charge to him? So I will deny the motion to compel. If Kawleski renews his motion to compel, he will need to provide the following information in reasonable detail: (1) why he needs the information he is requesting; and (2) why he needs printed copies of the documents. He should also provide a copy of any relevant printing requests he submitted to prison staff and any written response to such requests. If he does not have copies of those documents, he should explain why and provide as many details as he remembers about what he wrote in his requests and how prison staff responded.

## B.  Screening

Under Rule 2 of the Rules Governing 2255 Proceedings, a movant must specify the grounds for relief and allege the facts supporting each ground. The court of appeals has interpreted this requirement to mean that the motion must cross "some threshold of plausibility." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Kawleski asserts ten grounds for relief in his motion, all but one of which are related to alleged ineffective assistance of counsel. For the reasons below, none of Kawleski's claims are plausible.

### 1.  Jurisdictional challenge

Kawleski contends that this court "lacked jurisdiction to prosecute a crime that was not commerc[ial] in nature, and which was purely local." Dkt. 1, at 4.[3] I understand Kawleski to

---

[3] Citations to documents filed on the docket reflect the page numbers as they appear on the headers in the court's electronic case file, not the page numbers on the documents themselves.

contend that Congress lacked authority under the Commerce Clause or any other power to enact laws prohibiting his crimes. That contention fails because the Court of Appeals for the Seventh Circuit has already held that the statutes at issue in this case—§ 2251(a) and § 2252(a)(4)(B)—are valid under the Commerce Clause. *United States v. Blum*, 534 F.3d 608, 610 (7th Cir. 2008) (§ 2251(a)); *United States v. Angle*, 234 F.3d 326, 338 (7th Cir. 2000) (§ 2252(a)(4)(B)).[4] The court reasoned that the laws prohibiting production and possession of child pornography are valid under the Commerce Clause, even if the production and possession are intrastate, because it was rational for Congress to conclude "that the manufacture and possession of any child pornography itself feeds the market and increases demand for it," and that an individual's actions, "taken in aggregation with others engaged in similar activities, substantially affects interstate commerce." *Blum*, 534 F.3d at 612. So I will dismiss Kawleski's constitutional challenge to § 2251(a) and § 2252(a)(4).

###    2.  Ineffective assistance

Kawleski asserts nine claims for ineffective assistance of counsel. A claim for ineffective assistance of counsel has two elements: (1) deficient performance; and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). To prove deficient performance, a must show Kawleski must show that his counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. The court must "indulge a strong presumption that counel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Kawleski must show "a reasonable probability that,

---

[4] The court of appeals later abrogated a different holding in *Blum* related to the sentencing guidelines, *see United States v. Vizcarra*, 668 F.3d 516, 523 (7th Cir. 2012), but *Blum*'s holding regarding the constitutionality of § 2251(a) remains controlling law.

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Kawleski has not alleged facts supporting the above standard for any of his ineffective assistance of counsel claims.

### a. Cross examination of Bailey

Kawleski's first contention is that trial counsel failed to "properly question Detective Bailey [the investigating officer] concerning Fourth Amendment violations." Dkt. 1, at 5. But Kawleski's description of the claim has nothing to do with failing to question Bailey. Rather, Kawleski contends that allowing Brown to assist officers with the search of his home violated the Fourth Amendment because Brown "did not live in the residence and had no rights to the property." *Id.*

If Kawleski means to contend that trial counsel should have asked Bailey during cross examination about an alleged Fourth Amendment violation, that contention fails. The jury does not consider whether officers violated the Fourth Amendment. That issue is raised before the presiding judge by filing a motion to suppress evidence uncovered as a result of the Fourth Amendment violation. *See United States v. Matlock*, 415 U.S. 164, 173 (1974). No motion to suppress was filed in Kawleski's case.

If Kawleski means to contend that trial counsel should have filed a motion to suppress, that contention fails as well. A search of a home is generally lawful under the Fourth Amendment if it is authorized by a warrant and supported by probable cause. *Payton v. New York*, 445 U.S. 573, 602 (1980). In this case, Bailey obtained a warrant, and that warrant was supported by probable cause based on the flash drive that Brown had already turned over to Bailey.

Allowing a private party to accompany officers during a search does not violate the Fourth Amendment if that private party "directly aided in the execution of the warrant." *Wilson v. Layne*, 526 U.S. 603, 611 (1999). In this case, Kawleski alleges that Brown "assist[ed] with law enforcement in the search of the petitioner's residence." Dkt. 1, at 5. Kawleski does not allege that Brown was present for any reason other than to assist with the search.

Kawleski's statement that Brown "had no rights to the property" evokes a different legal principle: a person may not give consent to search property unless that person has some authority over the property. *U.S. v. Garcia*, 690 F.3d 860, 862–64 (7th Cir. 2012). But that principle is irrelevant in this case because Bailey did not rely on Brown's consent to search Kawleski's house; Bailey had a warrant.

Even if the search violated the Fourth Amendment, that would not necessarily help Kawleski. He identifies no evidence that officers found during the search that was related to his convictions for production or possession of child pornography. After all, the police already had the flash drive that provided the basis for his convictions. There is no ineffective assistance without prejudice, and Kawleski has not identified any.

### b. Cross examination of Brown

Kawleski's second ineffective assistance claim is that trial counsel "fail[ed] to question Tracy Brown about the origin of the evidence on the New Jersey flash drive." Dkt. 1, at 7. But that is simply inaccurate. As I previously explained when denying Kawleski's motion for a new trial, trial counsel "attacked Brown's credibility on cross examination and during his closing argument. He argued forcefully that Brown's description of how she found the flash drive didn't make sense, but the jury rejected his argument." Case no. 19-cr-25-jdp, Dkt. 93, at 4. Kawleski

raises no specific objections to counsel's cross examination, and he identifies nothing specific that counsel should have done differently. I will dismiss this claim.

### c.  Sentencing

Kawleski's third ineffective assistance claim is that trial counsel should have asked the court to issue a lighter sentence because he is "the only surviving caregiver to 2 underage children" and because he had a "diminished capacity" when he committed the offenses. Dkt. 1, at 8. Kawleski does not support either argument.

As for his allegation that he was the only caregiver for his two minor children, "a defendant's family circumstances may be a legitimate basis for a below-guidelines sentence if the district court finds that a defendant's family ties and responsibilities are so unusual that they may be characterized as extraordinary." *United States v. Graham*, 915 F.3d 456, 459 (7th Cir. 2019) (internal quotation marks and alterations omitted). Kawleski cannot meet this standard for three reasons, so it was not ineffective for trial counsel not to raise the issue.

First, Kawleski's offenses involved serious sexual misconduct with children, and one of Kawleski's conditions of supervision is to avoid contact with anyone under the age of 18. Case no. 19-cr-25-jdp, Dkt. 109, at 5. So the need to take care of minor children would not have been a strong ground for a downward departure or variance.

Second, Kawleski's children were 14 and 15 at the time of his sentencing in 2021. *Id*., Dkt. 98, ¶ 73. If the court had fashioned a sentence to account for Kawleski's status as a caregiver, it would mean that Kawleski's sentence could be no longer than a few years. But the 18-year sentence Kawleski received was already a substantial downward departure from the suggested guidelines sentence of life imprisonment. The type of sentence Kawleski proposes would have significantly undermined the seriousness of his offense.

8

Third, Kawleski does not support his allegation that he is the only potential caregiver for his children. According to the presentence report, his children live with his mother. *Id.* Kawleski identifies no reason why his mother is not an adequate caretaker.

It was not ineffective for trial counsel not to ask for a reduced sentence based on Kawleski's caregiving responsibilities.

As for Kawleski's allegation of "diminished capacity," he does not explain how his capacity was diminished when he committed the offenses or how any diminished capacity would have been relevant to sentencing. If Kawleski is referring to his alcohol abuse, I considered that issue at sentencing and was not persuaded that it was a mitigating factor. Case no. 19-cv-25-jdp, Dkt. 110, at 6.

### d. Mental health evaluation

Kawleski's fourth ineffective assistance claim is that trial counsel did not move for a "psycho/sexual evaluation." Dkt. 1, at 12. Kawleski acknowledges that counsel declined to do this because it "would not have been beneficial" for Kawleski. *Id.* Kawleski does not explain why that reasoning was deficient or how he was prejudiced by not having an evaluation, so this is not a plausible claim.

### e. Withdrawal after Seventh Circuit decision

Kawleski's fifth ineffective assistance claim is that appellate counsel withdrew from the case after the court of appeals issued its decision, and appellate counsel failed to file a petition for certiorari with the Supreme Court. Kawleski does not have a constitutional right to counsel to seek review in the Supreme Court, but he has a qualified statutory right under the Criminal Justice Act when "there are reasonable grounds for counsel" to file a petition. *United States v. Price*, 491 F.3d 613, 615 (7th Cir. 2007). When counsel refuses a defendant's request to file a

petition for a writ of certiorari, the defendant can promptly file a motion for appointment of counsel in the court of appeals so that the court can "vacate[] its judgment affirming the convictions and enter[] a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari." *Id.* (internal quotation marks omitted).

Kawleski does not allege that he asked the court of appeals to appoint new counsel for him, and I am not aware of any authority holding that a prisoner may assert a claim under the Criminal Justice Act in the context of a § 2255 motion if counsel fails to file a certiorari petition. *See United States v. Wyatt,* No. 09-cr-125-bbc, 2011 WL 13269713, at *3 (W.D. Wis. Dec. 21, 2011) (assuming without deciding that such a claim could be raised under § 2255). But even assuming that Kawleski could raise such a claim, he identifies no reasonable ground for filing a certiorari petition, so he has not alleged deficient performance. In any event, Kawleski filed his own timely petition with the Supreme Court, and he identifies no prejudice he suffered from the withdrawal.

### f.  Failure to raise issues

Kawleski's sixth ineffective assistance claim is that counsel "fail[ed] to preserve issues on Appeal, and fail[ed] to address specific issues requested by the Movant." Dkt. 1, at 12. Kawleski neither identifies which issues counsel failed to raise nor explains why he believes it was ineffective for counsel not to raise those issues, so he has not stated a plausible claim.

### g.  Closing argument

Kawleski's seventh ineffective assistance claim is that trial counsel should not have "direct[ed] the Jury to find a verdict of guilty on Count 16," which was the possession charge. Counsel stated the following about this charge during his closing argument:

> There is no defense [to Count 16]. I haven't BS'd you one bit.
> Not one single bit have I BS'd you. I didn't promise you anything

in opening that I didn't deliver in the trial. I didn't concede anything that was not true. I haven't argued black is white. I haven't tried to say anything else than the truth to you, and what does it mean as to Count 16? It means he's guilty. You look at that video, that montage, that's clearly it. That's clearly child pornography. And they don't have to prove that he used her to produce that image and that same image is the one that was on there. They just have to say that he captured it. Sorry, that he held onto it. That he knew it was an image of child pornography and he held onto it, and that he clearly did. He held onto that device. He held onto that device for six years, and for all six of those years or five of those years or four of those years, I don't know how long it was, he was guilty of possessing child pornography, and when you go back there, that's what you need to convict him of.

. . .

And you have to find him guilty of Count 16. You can't see your way being honest with me on Counts 1 through 15 and not be honest with the government about Count 16. You have to be honest to both of us. You have to be honest to your oath and honest to your conscience that he's guilty of that on Count 16.

Case no. 19-cr-25-jdp, Dkt. 57 (Tr. Trans., Day 2 119:17–120:9, 121:2–7).

Viewed in context, it is clear that counsel's statements about Count 16 were an effort to gain credibility with the jury. He was asking the jury to acquit on Counts 1 through 15 even though it was undisputed that Kawleski had made a video of himself sexually assaulting Minor A and had secretly recorded Minor A and Minor B while they were nude in the bathroom. Counsel believed that there was no defense to Count 16, so conceding guilt on that count could have helped sway the jury on the other counts. That was a reasonable strategy. Kawleski identifies no defense that counsel could have asserted on Count 16, and there is no reasonable possibility that the jury could have acquitted Kawleski on that charge, so he has not alleged deficient performance or prejudice.

### h. Opening statement

Kawleski's eighth ineffective assistance claim is that trial counsel should not have made disparaging statements about Kawleski during opening statements. This is what counsel said:

> [W]hat you're called upon to do here is not say whether [Kawleski is] a bad person. He clearly is. It's not to say whether he did a terrible thing. He clearly did. It's for you guys to say whether or not the government has met its burden as to every element, whether the government has proved beyond a reasonable doubt every fact that it must to have a conviction.

Dkt. 56 (Tr. Trans., Day 1 31:11–16). This is another example of counsel attempting to gain credibility with the jury. Again, it was undisputed that Kawleski had sexually assaulted a minor and had taken videos of minors in the nude. Counsel was simply acknowledging that the jury would likely be horrified by Kawleski's conduct, so counsel was trying to remind jurors that they must decide the case on the law and not based on their personal feelings about Kawleski. That was a reasonable trial strategy, and there is no reasonable possibility that the outcome of the trial would have been different in the absence of counsel's comments, so this claim fails.

### i. Mental health history

Kawleski's eighth and final ineffective assistance claim is that trial counsel should have "investigated [his] mental health history" and "address[ed] his mental duress and diminished capacity at the time the offense was committed." Dkt. 1, at 12. Kawleski does not explain how his mental health history was relevant to any issue in the case or how any information about his mental health or status would have led to an acquittal or lower sentence. So Kawleski has not identified any deficient performance or prejudice on this issue.

The general rule is that courts should give parties an opportunity to correct a defective pleading. It is difficult to imagine in this case how Kawleski could amend his motion to address the problems I have identified, but I will give him an opportunity to do so.

12

ORDER

IT IS ORDERED that:

1.  Alexander W. Kawleski's motions for an extension of time, Dkt. 2, and to compel BOP to produce supporting documentation, Dkt. 3, are DENIED as unnecessary.

2.  Kawleski's motion under 28 U.S.C. § 2255, Dkt. 1, is DENIED without prejudice. Kawleski may have until April 13 to file an amended motion that cures the defects discussed in the opinion and order. If Kawleski does not respond by then, I will direct the clerk of court to enter judgment.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge